787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SHIRLEY COVINGTON, Plaintiff-Appellant,
v.
MARGARET M. HECKLER, Secretary of the Department of Health
and Human Services, Defendant-Appellee.
 85-5321
 United States Court of Appeals, Sixth Circuit.
 3/21/86
 
 REVERSED AND REMANDED
 W.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 Before: JUDGES ENGEL, MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Shirley Covington appeals the denial of her claim for supplemental security income benefits under the Social Security Act. Because we find the Secretary erroneously determined that Ms. Covington's disability was not severe, we remand this case to the District Court, to be returned to the Secretary for completion of the sequential evaluation process.
 
 
 2
 Plaintiff is a 28-year old female with a seventh grade education. She has a limited vocational history; being employed for a short time as a cook and waitress. She has been treated for various psychiatric disorders at the Whitehaven Southwest Mental Health Center. Medical evidence indicates that she suffers from retardation, diabetes, high blood pressure, and obesity. In addition, she was diagnosed an suffering from a mixed personality disorder. In 1982, Ms. Covington underwent IQ tests, recording a verbal score of 74, a performance score of 63, and a full-scale IQ of 67.
 
 
 3
 The Secretary denied plaintiff's application for supplemental security income benefits initially, and plaintiff requested a hearing before an administrative law judge (ALJ). The ALJ decided that plaintiff was not entitled to benefits because she did not suffer a severe impairment. The ALJ's determination became the final decision of the Secretary when the Appeals Council upheld that determination. Plaintiff brought suit in the District Court, which affirmed the Secretary's findings.
 
 
 4
 Plaintiff argues that substantial evidence does not support the Secretary's findings that plaintiff does not suffer from a severe impairment. Since the District Court's decision, this Court decided Farris v. Secretary of Health & Human Services, 773 F.2d 85 (6th Cir. 1985), and Salmi v. Secretary of Health & Human Services, 774 F.2d 685 (6th Cir. 1985). In those cases, we held that an impairment qualifies as nonsevere only if, regardless of the claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work.
 
 
 5
 In determining whether the plaintiff was entitled to disability benefits, the ALJ began his analysis of the evidence by addressing, in sequence, the five factors required to be considered under social security administration regulation No. 16. The ALJ first found, under step one, that the plaintiff was not engaged in substantial gainful employment. Then, after discussion of the relevant medical evidence, concluded, under step two, that the plaintiff, while suffering 'from atypical anxiety disorder' was 'responding well to treatment' and 'does not have a severe impairment.' 20 C.F.R. 416.921. Having found no 'severe impairment,' the ALJ terminated his analysis of the record, there being no need for further evaluation of the remaining sequential steps listed in regulation No. 16. In that, we think the ALJ erred.
 
 
 6
 The evidence is uncontradicted that the plaintiff's 1982 I.Q. test scores were all under 80. In Salmi, supra, decided after the decision by the ALJ and the District Court in this case, we noted that:
 
 
 7
 [I]n Social Security Ruling 82-55: 'Title II, XVI: Medical Impairments That Are Not Severe,' the Secretary lists twenty examples of impairments that do not qualify as severe. The Secretary included an 'I.Q. of 80 or greater in all major areas of intellectual functioning' in this list. This example indicates that the Secretary considers I.Q.s less than 80 as qualifying as a severe impairment.
 
 
 8
 In light of the evidence of Ms. Covington's I.Q. test score, we conclude, under the second step of the sequential evaluation process of regulation No. 16, that she suffers from a severe impairment.
 
 
 9
 Accordingly, based on the recent decisions of this Court in Salmi, supra, and Farris, supra, we reverse the District Court's order affirming the Secretary's determination and remand with instructions to the District Court to remand the case to the Secretary for completion of the sequential review process.